IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MONTY M. MARINER,**
**No. 06848-059,**

        Petitioner,

  vs.                                     Case No. 14-cv-00464-DRH

**S.J. WALTON,**

        Respondent.

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Monty M. Mariner, an inmate in the United States Penitentiary at Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his convictions and the resulting sentences.

### Procedural History and Issues Presented

In 2010, Mariner was convicted of committing assault resulting in serious bodily injury (Count 1), assault with a dangerous weapon (Count 2), and sexual abuse (Count 3), all in Indian country, in violation of 18 U.S.C. §§ 113(a)(3), (a)(6), 1153 and 2252(2)(B).  *United States v. Mariner*, Case No. 09-cr-101-DLH (D. N.D. Sept. 28, 2010).  He was sentenced to imprisonment for 120 months on Counts 1 and 2 respectively, and for 360 months on Count 3, all terms to run concurrently, followed by supervised release (for life relative to Count 3).

On direct appeal Mariner challenged his sentence, although his counsel moved to withdraw and consequently filed a brief pursuant to *Anders v.*

*California*, 386 U.S. 738 (1967). Mariner, *pro se*, filed a supplemental brief arguing that counsel had been ineffective. The Court of Appeals for the Eighth Circuit found no sentencing errors, except the judgment was modified to correct an apparent scrivener's error relative to the term of supervised release. The appellate court also reviewed the record independently, pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), and did not find *any* nonfrivolous issues for appeal. More specifically, sufficient evidence was found to support the guilty verdicts. The issue of ineffective assistance of counsel was not considered on direct appeal. *See United States v. Mariner*, 411 Fed.Appx. 930, 2011 WL 755757 (8th Cir. 2011).

In 2012, petitioner attacked his sentence pursuant to 28 U.S.C. § 2255. *United States v. Mariner*, Case No. 12-cv-72-DLH (D. N.D. Jun. 7, 2012) (consolidated into the criminal case, Case No. 09-cr-101-DLH, Doc. 56). Mariner challenged the trial court's jurisdiction—the federal government's jurisdiction—over crimes in North Dakota committed in Indian country. He also presented arguments attacking the form and presentment of the indictment, challenging the sufficiency of the evidence, alleging prosecutorial misconduct during trial, asserting that the United States Attorney and Assistant United States Attorney were not properly sworn into office, and contending that the whole of Title 18, the federal criminal code, was not properly enacted under the Presentment Clause in Article I of the Constitution. The Section 2255 petition was denied in all respects (Case No. 09-cr-101-DLH, Doc. 66). That decision was not appealed.

In June 2013, Mariner filed a motion for relief pursuant to the All Writs Act, 28 U.S.C. § 1651, 42 U.S.C. § 2000a-6, Federal Rule of Civil Procedure 60(b)(6), 42 U.S.C. § 2000dd, and Federal Rule of Civil Procedure 8(a) (Case No. 09-cr-101-DLH, Doc. 72). Because arguments similar to those presented in the Section 2255 petition were presented, and Mariner's aim was the same—to attack his conviction and sentence—the omnibus motion was deemed an unauthorized successive Section 2255 petition, barred by 28 U.S.C. § 2255(h) (Case No. 09-cr-101-DLH, Doc. 76). Mariner's motion for reconsideration was subsequently denied (Case No. 09-cr-101-DLH, Docs. 77, 78). No appeal was taken.

On April 23, 2014, petitioner Mariner filed the subject Section 2241 petition for writ of habeas corpus. Mariner now principally argues that the trial court lacked subject matter jurisdiction because, although he is admittedly a Native American Indian, there was no proof presented that he had Indian blood and that his tribe was recognized by the federal government (*see* Doc. 1-1, p. 10). He contends that the stipulation he signed (Doc. 1, p. 22) was not only insufficient to prove those two requirements for jurisdiction, but the stipulation was never determined to be knowingly and voluntarily made by Mariner. In addition, he presents eight other grounds for relief: (2, 7) overall ineffective assistance of counsel; (3, 4) presentation of the improper, inadmissible stipulation creating substantial prejudice; (5) the racial and cultural makeup of the grand jury and petit jury; (6) prosecutorial misconduct related to not informing the grand jury

and petit jury about the lack of evidence of Indian blood and tribal recognition; and (8) failure to instruct the jury regarding lesser included offenses.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize Section 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of Section 2255(e). 28 U.S.C. § 2255(e). The savings clause allows a petitioner to bring a claim under Section 2241, where he can show that a remedy under Section 2255 is inadequate or ineffective to test

the legality of his detention. *Id.*; *see also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002).

The Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). Petitioner has cited no new case of statutory interpretation; rather, he merely continues to press the same general arguments he pursued in his Section 2255 petition, albeit with some minor variations. From Mariner's perspective, the alleged errors resulted in a miscarriage of justice. However, that does not end the analysis.

In *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012), the Seventh Circuit reiterated, " 'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.' " *Id.* (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)). The problem is that all of the arguments presented were or could have been raised in the earlier Section 2255 petition, and are within the usual purview of Section 2255. Consequently, this Section 2241 petition will be summarily dismissed with prejudice.

### Motion for Appointment of Counsel

Petitioner has moved for appointment of counsel (Doc. 3). According to Mariner, he is without resources to retain counsel, his grounds for relief have substantial merit, and counsel would be better able to present the complexities of his case better that he can as a layman.

In recognition of Mariner's *pro se* status, his motion will be addressed rather than dismissed as moot.

There is no right to appointed counsel in a federal post-conviction proceeding such as this. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, under 18 U.S.C. § 3006A(a)(2)(B), counsel may be appointed to pursue relief under 28 U.S.C. § 2241. The arguments raised in the petition do not strike this Court as complex, or too complex for Mariner's abilities. This conclusion is supported by the fact that Mariner has litigated similar claims before *pro se*, and that all of his pleadings to date have been articulate and clearly presented his arguments—complete with citations to the law. Furthermore, there is nothing to suggest that appointing counsel and permitting an amended petition would allow Mariner to proceed under the "savings clause" of Section 2255(e), as this Section 2241 petition is in essence a rehash of the Section 2255 petition. Consequently the motion for counsel (Doc. 3) will be denied.

### Disposition

**IT IS HEREBY ORDERED** that petitioner's motion for counsel (Doc. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that, for the reasons stated, the instant Section 2241 petition is summarily **DISMISSED** with prejudice. The Clerk is **DIRECTED** to enter judgment accordingly.

If petitioner wishes to appeal the dismissal of this action, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R.APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725–26 (7th Cir.2008); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir.1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir.1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline.

It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien,* 216 F.3d 626, 638 (7th Cir.2000).

**IT IS SO ORDERED.**

**DATED: May 15, 2014**

Digitally signed by
David R. Herndon
Date: 2014.05.15
15:39:42 -05'00'

**Chief Judge**
**United States District Court**